IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            :

                                      :

    v.            :   Civil Action No. DKC 19-0332

                                        :

PATRICIA MOSCHONAS            :

                                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this federal income tax case is the motion by Plaintiff, United States of America ("the Government"), for entry of default judgment against Defendant Patricia Moschonas ("Ms. Moschonas").   (ECF No. 12). The court now rules, no hearing being deemed necessary.   Local Rule 105.6.   For the following reasons, the Government's request to enter default judgment will be granted.

**I.   Background**

Ms. Moschonas is a taxpayer who lives in Frederick County, Maryland.   On various dates, starting on February 9, 2009 and ending on November 2, 2015, a delegate of the Secretary of the Treasury of the United States ("the delegate") assessed federal income taxes against Ms. Moschonas for unpaid taxes in the tax periods ending in 2005, 2006, 2007, 2008, 2009, and 2012.   On September 14, 2009, the delegate also assessed civil penalties against Ms. Moschonas for "filing frivolous tax submissions" for

the tax periods ending in 2005 and 2006.  The delegate gave Ms. Moschonas "notice and demand for payment" of all these assessments due to the Government.  The Government notes that, to date, Ms. Moschonas has failed to pay these amounts set forth by the Delegate and contained in the complaint brought here on February 4, 2019. (ECF No. 1).  The clerk entered Defendant's default on November 1, 2019, (ECF No. 10), and issued notice of default to Patricia Moschonas.  (ECF No. 11).  On March 16, 2020, the Government filed the presently pending motion for default judgment.  (ECF No. 12).

## II.  Standard of Review

Judge Hazel has succinctly set out the standard for the entry of default judgment where a claim is for a sum certain:

> Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b), the Clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation...." Fed.R.Civ.P. 55(b)(1) . . . . The entry of default judgment is a matter within the discretion of the Court.  *See SEC v. Lawbaugh,* 359 F.Supp.2d 418, 421 (D.Md.2005) (citing *Dow v. Jones,* 232 F.Supp.2d 491, 494 (D.Md.2002)). As the Court noted in *Disney Enterprises, Inc. v. Delane,* 446 F.Supp.2d 402 (D.Md.2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'"  *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 453 (4th Cir.1993)). Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'"  *Id.*  (quoting *Lawbaugh,* 395 F.Supp.2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed.R.Civ.P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler,* 725 F.Supp.2d 491, 494 (D.Md.2010); *see also* FED. PRAC. & PROC. § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

*Hanover Ins. Co. v. Persaud Cos., Inc*., No. GJH-13-472, 2015 WL 4496448 at *2 (D.Md. July 22, 2015) (citing Fed.R.Civ.P. 55(b)(1)). "A plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence." *United States v. Vardoulakis*, No. WDQ-07-3341, 2010 WL 5137653 at *3 (D.Md. November 9, 2010) (citing *Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D.Pa. 1974) *reversed on other grounds*, 533 F.2d 891 (3d Cir. 1976) (entering default

judgment for Government who provided a declaration and certified form showing the Defendant had occurred tax liability that was unrebutted by any evidence from the defendant)).   In producing such evidence, the Government can establish a "*prima facie* case of tax liability" and shifts the burden to the Defendant to "'produce evidence refuting the Government's position.'"   *Id*. at *4 (quoting *United States v. Kitila,* No. DKC-09-0455, 2010 WL 917873 at *3 (D.Md. Mar. 8, 2010) (citing *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980)).

## III. Analysis

The issues to be determined are (1) whether the United States has submitted unrebutted evidence that (a) the tax liabilities that Ms. Moschonas has accrued in 2005, 2006, 2007, 2008, 2009 and 2012 are sum certain,[1] and (b) she is "neither a minor nor an incompetent person" as per Fed.R.Civ.P. 55(b)(1), and, if this is shown, (2) the proper award of damages.

### A.   Liability

The Government has produced a sworn declaration by Revenue Officer James Smith that is unopposed and satisfies the criteria of Fed.R.Civ.P. 55(b)(1) to demonstrate that Ms. Moschonas owes

---

[1] The earliest of these tax periods was assessed on February 9, 2009, (ECF No. 12-1, at 2), which means that all outstanding tax liabilities fall within the applicable ten-year statute of limitations.   The Government's complaint was filed on February 2, 2019.   *See* 26 U.S.C. § 6502(a)(1).

both outstanding federal taxes and civil penalties to the United States. Plaintiff also shows that, as per Ms. Tobin's sworn declaration, Ms. "Moschonas is not a minor, incompetent, or currently in military service." (ECF No. 12, ¶5) (citing ECF No. 9-1, ¶ 6).

Officer Smith's declaration establishes a sum certain through records showing outstanding income tax assessments, and their accrued interest, from the tax periods ending in 2005, 2006, 2007, 2008, 2009 and 2012. (ECF No. 12-2, ¶5). This same statement establishes further "unpaid civil penalties" assessed against Ms. Moschonas for "frivolous tax submissions" for her 2005 and 2006 tax filings under 26 U.S.C. § 6702(a). (*Id.*, ¶ 9). As of February 17, 2020, Ms. Moschonas is reported to owe $141,213 to the United States in federal tax liabilities and $14,820 civil penalties, "plus interest and statutory additions accruing after that date." (*Id.*, ¶¶ 5, 9). The government's motion for default judgment will be granted.

**B. Damages**

A failure to deny an allegation where a responsive pleading is required is treated as an admission under the Federal Rules except those "relating to the amount of damages." Fed.R.Civ.P. 8(b)(6); *see also Vardoulakis*, 2010 WL 5137653 at *5 (citing, *inter alia*, *Trs. Of the Elec. Welfare Tr. Fund V. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D.Md.

Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not.")). As to damages, "the Court only may award damages without a hearing if the record supports the damages requested." *Vardoulakis*, 2010 WL 5137653, at * 5 (collecting cases) (reducing the amount awarded to the Government based on "contradictory documentary evidence regarding damages" that lacked explanation).

The "Total Due" on each outstanding tax assessment (rounded to the nearest whole dollar amount) as reported by Officer Smith, (ECF No. 12-1, ¶ 5), matches the "ACCOUNT BALANCE PLUS ACCRUALS" on the IRS "Account Transcript" provided for each respective tax period. (ECF No. 12-3). Similarly, the $7,410 due to the IRS for the "frivolous tax submissions" for the 2005 and 2006 tax periods, respectively, matches the "ACCOUNT BALANCE PLUS ACCRUALS" entry Account Transcripts for those tax periods. (ECF No. 12-4). The minor discrepancies due to rounding in Officer Smith's reporting is not grounds for modification. Default judgment will be entered against Patricia Moschonas for $141,214 in federal income tax liabilities and $14,820 in civil penalties assessed against her and owed to the United States as of February 17, 2020 plus interest and statutory additions accruing after that date.

## IV.  Conclusion

For the foregoing reasons, the motion to entry default judgment against Defendant will be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge